IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TEKEVA SHAW, | ) |
|     Plaintiff, | ) |
| v. | )     No. 2:24-cv-02217-SHL-atc |
| HABITAT FOR HUMANITY, et al., | ) |
|     Defendants. | ) |

### REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

On April 4, 2024, Plaintiff Tekeva Shaw filed a *pro se* Complaint alleging claims under 42 U.S.C. § 1983 against Defendants Habitat for Humanity – Memphis ("Habitat") and Regions Bank ("Regions").[1] (ECF No. 1.) On April 26, 2024, Shaw filed an "Amendment," listening multiple additional corporate and individual Defendants. (ECF No. 7.) Shaw also filed a motion to proceed *in forma pauperis*, which was subsequently granted. (ECF Nos. 2, 6.)

On November 14, 2024, the Court found that Shaw had failed to adequately plead a § 1983 claim and ordered her to file an amended complaint. (ECF No. 9.) On November 26, 2024, Shaw filed her Amended Complaint. (ECF No. 10.) For the following reasons, it is recommended that Shaw's federal claims be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted and that the Court decline to exercise supplemental jurisdiction over Shaw's state-law claims.

---

[1] This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

## PROPOSED FINDINGS OF FACT

In her original Complaint, Shaw's factual allegations against Habitat and Regions consisted entirely of the following: "Habitat for Humanity has violated building codes as well as bundle of rights.  Also other violations.  Regions Bank is violating rights by Redlining and exploiting.  Also other violations."  (ECF No. 1, at 2.)  In her April 26th Amendment, Shaw listed the following as additional Defendants:  Irving Mazzanet (Regions Mortgage Department), Marvin M. (Regions Loan Servicing Department), Anthony Williams (Regions), Julie Romine (Habitat), Alan Massing (Habitat), Adrian Turner (Habitat), Treva Sease (Habitat) Daniel Craig and Linda S./Ellendale Electric, Don Story/Bluff City Fence Company, Allstate Insurance – Tyson Oakman Agency ("Allstate"), and Ruby Williams/State Farm Insurance Company ("State Farm").  (ECF No. 7.)

In her Amended Complaint, Shaw lists seven causes of action: (1) "breach of contract," (2) "violation of property rights," (3) "private inurement," (4) "violation of privacy," (5) "harassment/exploitation," (6) "violation of building codes and safety codes," and (7) "redlining."[2]  (ECF. No. 10, at 1.)  Shaw's allegations stem from the purchase and construction of her home.  (*Id.*)  She broadly alleges that Habitat and the other Defendants violated her contract and privacy rights relating to the construction of her home, including by rigging her home with "illegal monitoring" devices that are "able to connect with your brain waves, causing

---

[2] Shaw does not include a § 1983 in her Amended Complaint as she did in her original Complaint.  Even if she had, such a claim would be subject to dismissal because she has not pled a violation of a federal right that "was committed by a person acting under color of state law."  *Hudson v. Dep't of Treasury*, No. 1:21-cv-392, 2021 WL 5782471, at *2 (W.D. Mich. Dec. 7, 2021) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)); *see also McRee v. Renasant Bank Legal Dep't*, No. 16-cv-2879-JDT-dkv, 2017 WL 31470, at *1 (W.D. Tenn. Jan. 3, 2017) ("A § 1983 plaintiff may not sue purely private parties." (quoting *Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999))).  Here, all of Shaw's allegations involve private actions by private parties, such that § 1983 is inapplicable.

2

them to be able to read your thoughts and mind." (*Id.* at 1–2.)  Shaw also contends that Regions and Habitat had an undisclosed partnership relating to the extension of unidentified "promotional offers" that may be related to a homeowners insurance quote from State Farm and an automobile policy offer from Allstate that Shaw vaguely references in the Amended Complaint. (ECF No. 10, at 3–4.) Otherwise, her allegations consist of complaints relating to the quality of home construction and maintenance services provided by various Defendants. (*Id.*)  Shaw seeks compensatory damages in the amount of $200,000,000 from Defendants. (*Id.* at 4.)

## PROPOSED CONCLUSIONS OF LAW

I.   28. U.S.C. § 1915(e)(2) Screening

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner *pro se* plaintiffs who are proceeding *in forma pauperis* at the Court's direction after the Court conducts a screening under § 1915(e)(2)(B). Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." This Report and Recommendation constitutes the Court's screening.

II.   Standard of Review for Failure to State a Claim

To determine whether Shaw's Amended Complaint states a claim for which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at

3

555 (internal citations and quotations omitted).  The Court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief.  *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).

Pleadings provide facial plausibility when they present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"[A] pleading filed *pro se* is to be liberally construed and held to less stringent standards than a pleading filed by counsel."  *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); s*ee also Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (finding the less stringent standard applies to *pro se* complaints, "however inartfully pleaded").  Nevertheless, *pro se* litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure."  *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006)); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants.  Not only would that duty be overly burdensome, but it would also transform

the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."); *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which a plaintiff has not spelled out in his pleading.'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)). "A pro se complaint must still 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Shelby v. Greystar Mgmt. Servs., L.P.*, No. 2:17-cv-02650-SHM-cgc, 2018 WL 386647, at *2 (W.D. Tenn. Jan. 11, 2018) (quoting *Barnett v. Luttrell*, 414 F. App'x. 784, 786 (6th Cir. 2011)).

### III.   Shaw's Fair Housing Act Claims

Though her allegations and claims are difficult to parse, Shaw has stated primarily state-law causes of action for breach of contract, breach of property rights, breach of privacy rights, and breach of housing codes relating to the construction and maintenance of her home. When construing the Amended Complaint in a light most favorable to Shaw and giving her the benefit of every possible doubt with respect to her allegations, the only claims under federal law that Shaw attempts to bring are claims for discrimination in violation of the Fair Housing Act, 42 U.S.C. § 3605, which provides:

> It shall be unlawful for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin.

To state a claim under § 3605, a plaintiff "must plead" that

> (1) they were a member of a protected class; (2) they attempted to engage in a "real estate-related transaction" with the defendant, and met all relevant qualifications for doing so; (3) the defendant refused to transact business with the

5

>plaintiffs despite their qualifications; and (4) the defendant continued to engage in that type of transaction with other parties with similar qualifications.

*Ray v. U.S. Bank Nat. Ass'n*, 627 F. App'x 452, 457 (6th Cir. 2015) (quotation omitted). Here, Shaw has not pled that she met all relevant qualifications for the housing-related services that she was allegedly denied, and she has not pled that Defendants continued to engage in those services with others who have similar qualifications. But most importantly, Shaw has not pled membership in any protected class with respect to the alleged discrimination.

In the Amended Complaint, Shaw supports her claim that Regions, Habitat, Allstate, State Farm, Germantown Pest Control, and Bluff City Fence Company engaged in discrimination by alleging:

>Regions has a partnership with Habitat for Humanity that was not disclosed to me. They have reached out to me to offer me promotional offers, but once they get my information, they say that I am not qualified due to the specific area that I am in. They have repeatedly harassed me although they know that I must go through Habitat for Humanity first. Bluff City Fence Co., Allstate Insurance, State Farm Insurance and Germantown Pest Control are all partnered with Habitat for Humanity and it was not disclosed to me. Bluff City Fence Co. installed a fence backwards and did not include all of my property, State Farm Insurance provided a home insurance quote without me giving them my home information, Allstate Insurance has engaged in harassment and offered me auto insurance just to [renege] and say I do not qualify because I am not old enough, and Germantown Pest Control has sprayed the lawn with chemicals that kills trees and brings weeds.

(ECF No. 10, at 3–4.) Shaw fails to allege membership in a protected class under § 3605 that relate to any of her allegations. Shaw's only allegation of discrimination based on what could characterized as a protected characteristic (age) is against Allstate, who Shaw alleges denied her auto-insurance due to her young age. But being too young is not a protected class under § 3605, and the services that were allegedly denied (auto-insurance) are not a "real estate-related transactions." Because Shaw fails to plead discrimination claims under § 3605, it is

recommended that they be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

### IV. Shaw's State-Law Claims

In this case, the Court only has original subject matter jurisdiction over Shaw's § 3605 claims, which should be dismissed, and she fails to adequately allege any jurisdictional basis over her state-law claims for breach of contract, breach of property rights, breach of privacy rights, and breach of housing codes. Those claims, "at most, [are] claims arising under state law" *McRee*, 2017 WL 31470, at *1 (dismissing the case during the § 1915(e) screening process because the plaintiff failed to adequately plead federal question jurisdiction or diversity jurisdiction), and thus can independently support this Court's jurisdiction only if they meet the requirements of diversity jurisdiction under 28 U.S.C. § 1332. "For diversity jurisdiction to exist, there must be complete diversity between the parties, plus an amount in controversy exceeding $75,000." *Austin v. Econo Auto Painting of W. Tenn., Inc.*, No. 23-cv-02209-TLP-tmp, 2023 WL 9105660 (W.D. Tenn. Sept. 19, 2023), *report and recommendation adopted*, 2023 WL 8952134 (W.D. Tenn. Dec. 28, 2023) (citing 28 U.S.C. § 1332(a)). Complete diversity of citizenship exists when "no plaintiff and no defendant are citizens of the same state." *Id.* (citing *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999)).

Here, though Shaw has stated an amount in controversy exceeding $75,000, complete diversity does not exist between the parties. Shaw alleges that she and nearly all of the Defendants are Tennessee residents—only some of the Regions-related Defendants are alleged to reside outside of Tennessee. All of the Habitat-related Defendants and each of the remaining Defendants are alleged to be Tennessee residents, thus foreclosing § 1332(a) jurisdiction due to a lack of complete diversity.

Because this Court recommends dismissal of Shaw's federal claims and does not have diversity jurisdiction over her state-law claims, it is further recommended that the Court decline to exercise supplemental jurisdiction over her state-law claims. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over claims if it has dismissed all claims over which it has original subject matter jurisdiction. *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2017 WL 1364977, at *16 (W.D. Tenn. Apr. 12, 2017); *see also Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) ("If the federal claims are dismissed before trial, the state claims generally should be dismissed as well.") (quoting *Wojnicz v. Davis*, 80 F. App'x 382, 384–85 (6th Cir. 2003)). Regardless of whether Shaw's claims against Defendants have merit, this Court is not the proper jurisdiction to pursue them.

## RECOMMENDATION

For the foregoing reasons, the Court recommends that Shaw's § 3605 claims be dismissed with prejudice pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. It is further recommended that the Court decline to exercise supplemental jurisdiction over her state-law claims against Defendants and that they be dismissed without prejudice.

Respectfully submitted this 2nd day of June, 2025.

                                                   s/Annie T. Christoff
                                                   ANNIE T. CHRISTOFF
                                                   UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within

fourteen (14) days may constitute forfeiture/waiver of objections, exceptions, and further appeal.