IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| TEKEVA D. SHAW, | ) | |
|     Plaintiff, | ) ) | |
| v. | ) | No. 2:24-cv-02217-SHL-atc |
| HABITAT FOR HUMANITY, et al.,, | ) ) | |
|     Defendants. | ) ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING COMPLAINT**

Before the Court is Magistrate Judge Annie T. Christoff's Report and Recommendation ("Report"), filed June 2, 2025. (ECF No. 11.) In the Report, the Magistrate Judge recommends that Plaintiff Tekeva D. Shaw's pro se Complaint[1] should be dismissed for failure to state a claim as to her federal law claims, that diversity jurisdiction is otherwise inapplicable, and that the Court decline to exercise supplemental jurisdiction over Shaw's state-law claims. (Id. at PageID 21.)

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1) (2017). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a

---

[1] Shaw filed an Amendment on April 26, 2024, which appears to name additional Defendants. (ECF No. 7.) She filed an Amended Complaint on November 26, 2024. (ECF No. 10.)

party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Shaw's deadline to object to the Report was June 16, 2025, and no objections have been filed. The Court has therefore reviewed the Report in its entirety for clear error and finds none.

The Report properly explains that Shaw has stated primarily state-law causes of action in her Amended Complaint, and that "the only claims under federal law that [she] attempts to bring are claims for discrimination in violation of the Fair Housing Act, 42 U.S.C. § 3605[.]" (ECF No. 11 at PageID 25.) To the extent Shaw brings a claim under the Fair Housing Act, the Magistrate Judge correctly concluded that she failed to sufficiently plead the requirements for stating a claim under § 3605. (Id. at PageID 26.)

The Magistrate Judge also correctly determined that Shaw cannot establish this Court's jurisdiction based on diversity, given that several of the Defendants, like Shaw, are Tennessee residents. (Id. at PageID 27.) Finally, this Court finds no clear error in the Magistrate Judge's conclusion that the Court should decline to exercise supplemental jurisdiction over Shaw's state-law claims given that all of the claims over which it may have original subject matter jurisdiction are being dismissed. (Id. at PageID 28.)

Therefore, the Court **ADOPTS** the Magistrate Judge's Report, **DISMISSES WITH PREJUDICE** Shaw's § 3605 claims, and declines to exercise supplemental jurisdiction over her state-law claims. The state-law claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED,** this 20th day of June, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE